# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                    **Case No. 08-CR-161**

**LEROY SPINKS**
        **Defendant.**

---

## ORDER

     Defendant Leroy Spinks pleaded guilty to conspiracy to distribute crack cocaine, and on March 26, 2010, I sentenced him to 63 months in prison followed by five years of supervised release. Defendant completed the prison term and commenced supervision on August 23, 2013.[1] On April 21, 2016, defendant filed a motion for early termination of supervised release. I ordered the government to respond and permitted defendant to reply. I now deny the motion.

### I.

     Pursuant to 18 U.S.C. § 3583(e),

     The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

     (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Accordingly, in order to receive early termination, the defendant must have completed at least

---

[1]He apparently earned an early release by completing the BOP's 500 hour drug treatment program.

one year of supervision, the government must have been given notice and an opportunity to be heard, and the court must find that termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a).  See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998).

Defendant has served more than one year, and the government has been afforded a chance to respond.  The issue is thus whether termination is warranted by defendant's conduct and the interest of justice.

The district court possesses wide discretion in making this determination.  See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006).  However, courts have generally concluded that the conduct of the defendant sufficient to warrant termination should include more than mere compliance with the terms of supervised release, as that is what the court expects.  See Folks v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010 (collecting cases).  Courts have tended to grant early termination in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders rather than fosters the defendant's rehabilitation.[2]  United States v. White, No. 06-CR-50, 2012 U.S. Dist. LEXIS 151054, at *4 (E.D. Wis. Oct. 19, 2012) (collecting cases); see also United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010); United States v. Mathis-Gardner, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015).  The defendant bears the burden of demonstrating that early termination is warranted.  White, 2012 U.S. Dist. LEXIS 151054, at *5.

---

[2]This is not to say that the defendant must always demonstrate exceptional circumstances in order to gain early termination.  The attached text is descriptive of the manner in which courts have exercised their discretion in considering such motions.

2

**II.**

In his motion, defendant indicates that he has made a successful transition from prison to the community, avoiding new law violations, abstaining from drugs and alcohol, and otherwise complying with his conditions. He further indicates that he maintained employment until disabled by a back injury, which required surgery. The government responds that defendant identifies nothing exceptional in his conduct. In reply, defendant argues that his abstinence is exceptional; despite multiple stressors – including his back surgery, which was only partially successful; his wife's substance abuse, which resulted in their separation and defendant having sole custody of his 12-year-old son; and his financial problems, resulting from his injury and disability – he has not resorted to illegal drug use. While defendant's abstinence is commendable, it is also what the court expects. Moreover, it could be argued that defendant's status on supervision, which includes possible drug testing, assists him in maintaining sobriety despite his difficult circumstances. Defendant makes no claim that the conditions of supervised release are onerous or that continued supervision otherwise interferes with his rehabilitation.

Turning to the § 3553(a) factors, I note that defendant was the leader of the charged conspiracy, receiving an enhancement under U.S.S.G. § 3B1.1, and that although he fell in criminal history category II under the guidelines he nevertheless has a lengthy prior record, including convictions for simple larceny in 1986, heroin manufacture/delivery in 1990, disorderly conduct in 1993, resisting an officer in 1993, marijuana possession in 1994, possession of cocaine in 1996, obstructing an officer in 2002, and drunk driving in 2005. See 18 U.S.C. § 3553(a)(1). Defendant notes that he is now 48 years old, and his criminal conduct ended eight years ago. Nevertheless, the nature of the offense and the history of the defendant weigh in

3

favor of continued supervision to protect the public and deter.  <u>See</u> 18 U.S.C. § 3553(a)(2)(B) & (C).  The original PSR also reported significant past substance abuse, although his screens on pre-trial release were negative.  Continued supervision is appropriate to ensure continued abstinence.  <u>See</u> 18 U.S.C. § 3553(a)(2)(D).[3]

**III.**

Defendant is to be commended for his progress.  However, he has not demonstrated entitlement to early termination of supervised release.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 246) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[3]Defendant makes no argument based on disparity, <u>see</u> 18 U.S.C. § 3553(a)(6), and restitution is not an issue in this case, <u>see</u> 18 U.S.C. § 3553(a)(7).  I did order defendant to re-pay "buy money" as a condition of supervised release, but neither side mentions that condition.

4